FRUGÉ, Judge.
This case is before us again after remand to the trial court for insertion of a correction deed in the record. Originally, this appeal involved the issue of whether certain things were community or separate property. (See Owens v. Owens, 259 So. 2d 454, La.App.3rd Cir., 1972).
The only matters which remain for disposition are: (1) a determination of the amount of community funds with which Mrs. Owens’ separate property was enhanced in value, and (2) whether Mr. Owens acquired an interest in the property transferred from Earl Jones to Mrs. Margie Jones Owens.
In our original opinion we found that the value of the house in question had been enhanced by $2,300.00 through the use of community funds. Mrs. Owens owned only an undivided one-half interest in the house as her separate property. Therefore, only $1,150.00 of community funds was spent in enhancing the value of Mrs. Owens’ separate estate. Mrs. Owens’ children are not parties to this suit and Mr. Owens has made no claim against them under other articles of the Civil Code for the value by which their interest in the house *585 was increased. Mr. Owens is, therefore, entitled to be reimbursed “one-half of the value of the increase” to Mrs. Owens’ separate property. R.C.C. 2408. One-half of the increase in value to Mrs. Owens’ undivided one-half interest is $575.00.
Mrs. Owens owned an interest in a house which had belonged to the community of a prior marriage that had ended in her first husband’s death. Sometime after Mr. and Mrs. Owens were married, one of her children by her first marriage deeded to her his undivided one-eighth interest in the house. This transfer was cast in the form of a sale of full ownership and recited that the cause of the transfer was “Ten dollars . . . and other valuable consideration.” Mr. Owens contended that the one-eighth interest became community property. The trial judge had taken cognizance of an act of correction between Mrs. Owens and her son. We remanded so that it could be inserted in the record. The correction deed recited that the only interest transferred was the usufruct, use, and habitation of the son’s undivided interest. The trial court originally concluded that only a usufruct was transferred. After studying the correction deed, we agree. In our original opinion we stated:
“Did defendant acquire an interest in plaintiff’s home by virtue of the deed dated October 26, 1964, from Earl Jones (plaintiff’s son) to plaintiff? As the record is incomplete, we cannot decide this phase of the case. The deed allegedly purports to convey an interest in the home for $10.00 and other valuable consideration. Although the deed did not contain a statement that the property was being purchased with the wife’s separate funds, she is allowed to introduce evidence to overcome the presumption that the purchase fell into the community. The trial court held that an act of correction was executed on April 20, 1965, signed by Earl Jones and plaintiff and defendant correcting the first deed to cover only the usufruct in favor of plaintiff. Counsel for defendant contends that it would be error for us to consider this act of correction since it does not appear in the record. The transcript shows in the reasons for judgment, that an act of correction was available to the trial court. In the interests of justice, voe will remand the case to allow the insertion of the act of correction in the record.” (Emphasis added.)
The trial court felt that we had remanded only for the purpose of inserting the correction deed. However, we also intended to allow the introduction of evidence as to whether the usufruct on the undivided one-eighth interest fell into the community.
Even though this was a transfer from a child to a parent shortly after her usufruct on the family home was extinguished by her remarriage, there is no evidence in the record showing that the price was not paid for the one-eighth interest. Although $10.-00 might seem to be out of all proportion to a one-eighth interest in a $15,000.00 house, we have no basis of finding from the record that it is disproportionate from the value of a usufruct on a one-eighth interest in an older residential property. This is even more so when the usufructu-ary is elderly and four other people have interests in the property. We, therefore, must hold the transfer valid. However, in view of the relationship of the parties and the misunderstanding which prevented the introduction of evidence after our first remand, Mrs. Owens should not be prevented from attempting to prove that the transfer was a donation in disguise. We are very reluctant to remand a case more than once, but in this case, there is insufficient evidence in the record to decide this issue. If the transfer was not a donation in disguise, Mrs. Owens should still have the opportunity to rebut the presumption that the usu-fruct became community property. Therefore, we will remand again for a determination by the trial court whether the transfer was a donation in disguise and, if not, *586 whether the usufruct was purchased with separate or community funds.
For the foregoing reasons, this case is remanded so that judgment may be rendered in accordance with the views expressed herein. One-half the costs of this appeal are assessed to plaintiff-appellee, and the remaining one-half of such costs are assessed to defendant-appellant.
Remanded.
HOOD, J., dissents and assigns written reasons.